IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| THOMAS GORDON, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 09-637-GMS ) |
| SGT. BECKLES, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM**

## **I. INTRODUCTION**

The plaintiff, Thomas Gordon ("Gordon"), who proceeds *pro se* and has been granted leave to proceed without prepayment of fees, filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. He also raises supplemental state claims. Gordon is incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware. Before the court are several pending motions including Gordon's motion for leave to amend, motion to compel, requests for default, and motions for default judgment, and the motion for summary judgment of the defendants Sgt. Beckles ("Beckles"), Lt. Neal ("Neal"), Sgt. Thomas ("Thomas"), Cpl. Marshall ("Marshall"), and C/O Nieves ("Nieves"). (D.I. 56, 71, 76, 78, 89, 92, 93.) For the reasons that follow, the court will grant Gordon's motion for leave to amend, will grant in part and deny in part his motion to compel, and will deny the requests for default and motions for default judgment. The court will grant the defendants' motion for summary judgment.

## II. BACKGROUND

Gordon alleges that on August 6, 2008, the quick response team ("QRT") was sent to his cell after he set off the water sprinkler. Beckles and Neal ordered Gordon to "cuff up," the cell door was opened, and Gordon was "rushed from behind by Beckles, Thomas, Nieves, Marshall, Gregory Turner ("Turner')[1] and the rest of the QRT team. Gordon was hit several times, sustained a fractured nose, and received sutures to his nose and face. (D.I. 2, 56.) During this time, Neal and C/O DeBerry ("DeBerry")[2] stood at the door of Gordon's cell. (*Id.*) A second incident occurred on August 29, 2008, when Beckles cap-stunned Gordon after Gordon cursed at Beckles. (*Id.*)

Gordon alleges that Beckles, Thomas, Marshall, Nieves, and Turner violated his constitutional rights by using physical force without need or provocation or in failing to intervene to prevent the use of force. He further alleges that Neal, DeBerry, Thomas, Marshall, Nieves, and Turner failed to intervene to prevent the excessive force and/or misuse of force by Beckles. In addition, Gordon raises supplemental state claims of assault and attempted murder.[3] He seeks declaratory and injunctive relief, as well as compensatory and punitive damages. The record reflects that Gordon has been housed in the Security Housing Unit ("SHU") from November

---

[1] Turner was originally named as a John Doe defendant. He was identified at docket item 50. Turner was served following his identification and answered the complaint on July 16, 2010. (D.I. 64, 70.) Turner did not join in the motion for summary judgment, having been served only a few months prior to the filing of the motion.

[2] DeBerry was not served until October 5, 2010. He answered the complaint on October 21, 2010. (D.I. 98, 101.) DeBerry had not been served at the time the defendants filed their motion for summary judgment.

[3] The attempted murder claim is frivolous. This is a civil, not a criminal, action.

2006 to the present. (D.I. 90, Pl.'s dep. 9.) On August 6, 2008, Beckles confiscated some leftover food from Gordon's cell. (*Id.* at 12-19.) Unhappy with the confiscation of his food, Gordon popped off the sprinkler in his cell. (*Id.* at 16.) The QRT was called to Gordon's cell and directed him to turn around to be handcuffed. (*Id.*) Gordon testified that he complied but was rushed from behind by the QRT. (*Id.* at 17.) He testified that Beckles beat him on the head with a steel bar four or five times while the other members of the QRT held him face-down. (*Id.* at 16-18, 30, 32, 34.) Gordon clarified that the members of the QRT who held him down did not beat him. (*Id.* at 30.) During this time, Neal and DeBerry were not in his cell, but were in the hallway. (*Id.* at 31.) The defendants deny that Gordon was struck with a bar or that he was cooperative. (D.I. 67, Response to 2d Request for Admission, Nos. 41, 43 -51.)

Thereafter Gordon was taken to medical and received treatment, which included sutures to his nose and face. (D.I. 44.) While providing him treatment, medical personnel discovered a concealed razor in Gordon's mouth. (D.I. 44, D.I. 90, Pl.'s dep. 39.) A subsequent x-ray revealed a fractured nasal bone. (D.I. 44.)

Gordon received a number of disciplinary charges as a result of his conduct. (*Id.* at 40; Pl.'s dep. ex. 2.) Gordon was found guilty and sentenced to twenty days in isolated confinement. (D.I. 90, Pl.'s dep. ex. 2.) During the disciplinary hearing Gordon stated that "they [were] trying to cover up beating me with a bar." (D.I. 90, Pl.'s dep. 42.)

### III. MISCELLANEOUS MOTIONS

#### A. Motion to Amend

Gordon moves to amend the complaint to refine his pleading, correct a party's address, replace John Doe with Gregory Turner, number the paragraphs, and amend his claim for relief.

(D.I. 56.) The court will grant the motion and the case will proceed on the amended complaint.

**B. Motion to Compel**

Gordon moves to compel the defendants to respond to requests for production of documents Nos. 1, 13, and 20. (D.I. 71.) The defendants oppose the motion. (D.I. 75.) As discussed below, the court will grant in part, and deny in part, the motion.

Pursuant to Fed. R. Civ. P. 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Request No. 1 seeks any and all grievances, complaints, or other documents received by the defendants or their employees at the VCC concerning mistreatment of inmates by Beckles, Thomas, Nieves, Neal, DeBerry, and Turner,[4] and any memoranda, investigative files, or other documents created in response to such documents, since May 1, 2005. The defendants objected to the request as beyond the scope of Rule 26 but, nevertheless, produced a disciplinary report and incident reports responsive to the request. The court finds that the request is overly broad in scope and time. The objections are sustained.

Request No. 13 seeks any and all photographs taken of Gordon on August 6, 2008, along with any and all documents created in response to such photographs. The defendants

---

[4]Referred to in the request as "unknown John Doe."

acknowledge that photographs were taken, but Delaware Department of Correction ("DOC") officials were unable to locate the photographs despite numerous searches. The court finds the response adequate. The defendants are reminded, however, that they have a duty to supplement the response should they find the photographs at a later date.

Request No. 20 seeks any and all grievances filed by Gregory F. Robinson ("Robinson"), a non-party, alleging an unjustified assault on Gordon by Beckles and the rest of the QRT on August 6, 2008, and any and all documents, and memoranda created in response to such grievances. The defendants object on the grounds that the request seeks information beyond the scope of Rule 26 and is not calculated to lead to admissible evidence. They explain that the grievance was made by another inmate, who was not a witness, and "does not adduce relevant [information] nor would it lead to relevant information in this lawsuit." The court docket contains a sworn statement by Robinson wherein Robinson states that he was a witness to the events of August 6, 2008. (*See* (D.I. 11, ex. A.) The objections are overruled. The defendants shall produce all grievances submitted by Robinson relative to the August 6, 2008 occurrence and any DOC responses to the grievances.

### C. Requests for Default and Motions for Default Judgment

Gordon requests entries of default for DeBerry and Turner for failure to plead or otherwise defend. (D.I. 76, 92.) He also moves for default judgment for both defendants. (D.I. 78, 93.) The court will deny the requests and motions.

Entry of default judgment is a two-step process. Fed. R. Civ. P. 55(a), (b). A party seeking to obtain a default judgment must first request that the clerk of the court "enter . . . the default" of the party that has not answered the pleading or "otherwise defend[ed]," within the

time required by the rules or as extended by court order. Fed. R. Civ. P. 55(a). Even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984).

Both Turner and DeBerry timely answered the complaint following service. Turner was served on June 16, 2010, and answered the complaint on July 16, 2010. (D.I. 64, 70.) DeBerry was served on October 5, 2010, and answered the complaint on October 20, 2010. (D.I. 98, 101.) The requests and motions have no merit.

## IV. SUMMARY JUDGMENT

### A. Standard of Review

A grant of summary judgment is appropriate only where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). If the moving party has carried its burden, the nonmovant must then "come

forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). Moreover, "the issue of material fact required by Rule 56(c) to be present to entitle a party to proceed to trial is not required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Anderson*, 477 U.S. at 248-49 (internal quotation marks omitted).

The defendants move for summary judgment on the grounds that the claims against them in their official capacity are barred by reason of Eleventh Amendment immunity and there is no genuine issue of fact that Neal, Thomas, Marshall and Nieves did not use any force against Gordon. (D.I. 89.)

## B. DISCUSSION

### 1. Eleventh Amendment Immunity

The defendants move for summary judgment on all claims raised against them in their official capacities. Gordon responds that he does not sue the defendants only in their official capacities, but also in their individual capacities.

The Eleventh Amendment guarantees that non-consenting states may not be sued by private individuals in federal court unless Congress abrogates the states' immunity pursuant to a valid exercise of its power. *See Board of Trustees of the Univ. of Al. v. Garrett*, 531 U.S. 356, 363 (2001). State officials acting in their official capacities have the same Eleventh Amendment immunity from damage suits as the state itself. *See Hafer v. Melo*, 502 U.S. 21, 30 (1991). Hence, Beckles, Neal, Thomas, Marshall, and Nieves, while acting in their official capacities, are

immune from suit under the Eleventh Amendment. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 268 (1997); *Ali v. Howard*, 353 F. App'x 667, 672 (3d Cir. 2009) (not published). Therefore, the court will grant the defendants' motion for summary judgment as to the claims raised against them in their official capacities.

### 2. Excessive Force

Neal, Thomas, Marshall, and Nieves, move for summary judgment on the excessive force claim on the basis that there is no dispute that their only contact with Gordon was in holding him. Gordon opposes the motion and argues that there are genuine issues of material fact that preclude summary judgment.

The core judicial inquiry when a prisoner alleges that prison officers used excessive force against the prisoner is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *See Wilkins v. Gaddy*, __U.S.__, 130 S.Ct. 1175 (2010). In reviewing the record, it is evident that Neal, Thomas, Marshall, and Nieves did not use excessive force on August 6, 2008. Gordon's testimony and declaration is that he was held down by QRT members, while Beckles, and no other defendant, "beat" him. The remaining defendants were either outside the cell or restrained Gordon. A reasonable jury could not find for Gordon on the issue of excessive force as to his claims against Neal, Thomas, Marshall, and Nieves. Accordingly, the court will grant summary judgment to Neal, Thomas, Marshall, and Nieves on this issue. These defendants, however, remain parties to the action inasmuch as Gordon has raised failure to

protect/intervene claims against them.[5]

## V. CONCLUSION

For the above reasons, the court will grant the motion for leave to file an amended complaint; grant in part and deny in part the motion to compel; deny the requests for default and motions for default judgment; and grant the motion for summary judgment. The claims that remain are as follows: all claims against Turner and DeBerry; the excessive force claim against Beckles; the failure to protect/intervene claim against Neal, Thomas, Marshall, and Nieves; and the supplemental state assault claim.

An appropriate order will be issued.

_March 9_, 2011
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

---

[5]To prevail on an Eighth Amendment failure to protect claim, a plaintiff is required to show that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). *See Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *see also Griffin v. DeRosa*, 153 F. App'x 851 (3d Cir. 2005); *Gaudreault v. Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1990) ("an officer who is present at the scene and who fails to take reasonable steps to protect the victim . . . of excessive force can be held liable. . . ."). A corrections officer's failure to intervene in a beating can be the basis for liability for an Eighth Amendment violation under § 1983 if the officer had a reasonable opportunity to intervene and simply refused to do so. *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| THOMAS GORDON, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 09-637-GMS ) |
| SGT. BECKLES, et al., | ) ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 9th day of March, 2011, for the reasons set forth in the Memorandum issued this date;

1. The plaintiff's motion for leave to file an amended complaint is **granted**. (D.I. 56.) The clerk of court is directed to docket the proposed amended complaint instanter.

2. The plaintiff's motion to compel discovery is **granted in part** and **denied in part**. (D.I. 71.) Within thirty (30) days from the date of this order the defendants shall respond to Request to Produce No. 20 by producing all grievances submitted by Gregory D. Robinson (SBI #203002) relative to the August 6, 2008 occurrence and any DOC responses to the grievances.

3. The plaintiff's requests for default and motions for default judgment are **denied**. (D.I. 76, 78, 92, 93.)

4. The defendants' motion for summary judgment is **granted**. (D.I. 89.) The remaining claims are as follows: all claims against Turner and DeBerry; the excessive force claim against Beckles; the failure to protect/intervene claim against Neal, Thomas, Marshall, and Nieves; and the supplemental state assault claim.

5. With regard to the defendants Gregory Turner and Jamie DeBerry;

    a. All discovery will be initiated so that it will be completed on or before June 9, 2011.

    b. All summary judgment motions, with accompanying briefs and affidavits, if any, will be served and filed on or before August 9, 2011. The answering brief will be filed on or before August 23, 2011, and the reply brief due on or before September 6, 2011.

6. At the close of the case, the Clerk of Court is directed to enter judgment in favor of the defendants Sgt. Beckles, Lt. Neal, Sgt. Thomas, Cpl. Marshall, and C/O Nieves on all claims raised against them in their official capacity, and in favor of the defendants Lt. Neal, Sgt. Thomas, Cpl. Marshall, and C/O Nieves on the excessive force claims.

                                                            CHIEF, UNITED STATES DISTRICT JUDGE